# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WRIGHT NATIONAL FLOOD**        CASE NO. 3:20-mc-00078-SDD-RLB
**INSURANCE COMPANY**

    **Movant,**

vs.

**ATA CONSULTING, LLC,**

    **Respondent.**

---

**CYNTHIA JARRELL**

    **Plaintiff,**                       **CONSOLIDATED CASE NO.**
                                           **3:17-cv-00301-SDD-RLB**

vs.

**WRIGHT NATIONAL FLOOD**
**INSURANCE COMPANY,**

    **Defendant.**

---

**CONSOLIDATED WITH AND PERTAINS TO:**

| | |
|---|---|
| 17-cv-00772-SDD-RLB | Adams, et al. v. Wright National Flood Insurance Company |
| 17-cv-00735-SDD-RLB | Aiken, et al. v. Wright National Flood Insurance Company |
| 17-cv-00709-SDD-RLB | Allen, et al. v. Wright National Flood Insurance Company |
| 17-cv-00805-SDD-RLB | Anderson, et al. v. Wright National Flood Insurance Company |
| 17-cv-01381-SDD-RLB | Barclay v. Wright National Flood Insurance Company |
| 17-cv-01123-SDD-RLB | Barnes v. Wright National Flood Insurance Company |
| 17-cv-00715-SDD-RLB | Barney, et al. v. Wright National Flood Insurance Company |
| 17-cv-01553-SDD-RLB | Beysselance, et al. v. Wright National Flood Insurance Company |

| | |
|---|---|
| 17-cv-00796-SDD-RLB | Blackard, et al. v. Wright National Flood Insurance Company |
| 17-cv-00722-SDD-RLB | Bond v. Wright National Flood Insurance Company |
| 17-cv-00782-SDD-RLB | Broussard, et al. v. Wright National Flood Insurance Company |
| 17-cv-01367-SDD-RLB | Brown v. Wright National Flood Insurance Company |
| 17-cv-00789-SDD-RLB | Bryant, et al. v. Wright National Flood Insurance Company |
| 17-cv-00707-SDD-RLB | Casselberry, et al. v. Wright National Flood Insurance Company |
| 17-cv-01343-SDD-RLB | Chehl, et al. v. Wright National Flood Insurance Company |
| 17-cv-01369-SDD-RLB | Clardy v. Wright National Flood Insurance Company |
| 17-cv-00737-SDD-RLB | Coleman, et al. v. Wright National Flood Insurance Company |
| 17-cv-00769-SDD-RLB | Cothern v. Wright National Flood Insurance Company |
| 17-cv-01500-SDD-RLB | Courtney, et al. v. Wright National Flood Insurance Company |
| 17-cv-00806-SDD-RLB | Curtis-Pea v. Wright National Flood Insurance Company |
| 17-cv-00761-SDD-RLB | Daniels v. Wright National Flood Insurance Company |
| 17-cv-00800-SDD-RLB | Dedon, et al. v. Wright National Flood Insurance Company |
| 17-cv-00705-SDD-RLB | Diaz, et al. v. Wright National Flood Insurance Company |
| 17-cv-00909-SDD-RLB | Dyer v. Wright National Flood Insurance Company |
| 17-cv-00716-SDD-RLB | Ford, Sr. v. Wright National Flood Insurance Company |
| 17-cv-00741-SDD-RLB | Fortenberry, et al. v. Wright National Flood Insurance Company |
| 17-cv-00751-SDD-RLB | French, et al. v. Wright National Flood Insurance Company |
| 17-cv-00728-SDD-RLB | Garcia, et al. v. Wright National Flood Insurance Company |
| 17-cv-00748-SDD-RLB | Hall, et al. v. Wright National Flood Insurance Company |
| 17-cv-01651-SDD-RLB | Harris, et al. v. Wright National Flood Insurance Company |
| 17-cv-01330-SDD-RLB | Harrison, et al. v. Wright National Flood Insurance Company |
| 17-cv-00758-SDD-RLB | Harrison v. Wright National Flood Insurance Company |
| 17-cv-00753-SDD-RLB | Herbert v. Wright National Flood Insurance Company |
| 17-cv-00746-SDD-RLB | Jacobs v. Wright National Flood Insurance Company |
| 17-cv-00734-SDD-RLB | Kanada v. Wright National Flood Insurance Company |
| 17-cv-00791-SDD-RLB | Karajulles-Taylor v. Wright National Flood Insurance Company |
| 17-cv-01122-SDD-RLB | Laird v. Wright National Flood Insurance Company |
| 17-cv-00712-SDD-RLB | Larry v. Wright National Flood Insurance Company |
| 17-cv-00804-SDD-RLB | Lathers v. Wright National Flood Insurance Company |
| 17-cv-00745-SDD-RLB | Lee v. Wright National Flood Insurance Company |
| 17-cv-00713-SDD-RLB | Leleu v. Wright National Flood Insurance Company |
| 17-cv-00738-SDD-RLB | Lemons, et al. v. Wright National Flood Insurance Company |

| | |
|---|---|
| 17-cv-00750-SDD-RLB | Lyles, et al. v. Wright National Flood Insurance Company |
| 17-cv-00766-SDD-RLB | McCutcheon, Jr. v. Wright National Flood Insurance Company |
| 17-cv-01647-SDD-RLB | McDaniel v. Wright National Flood Insurance Company |
| 17-cv-00799-SDD-RLB | McDaniel, et al. v. Wright National Flood Insurance Company |
| 17-cv-00794-SDD-RLB | Mellion, et al. v. Wright National Flood Insurance Company |
| 17-cv-01596-SDD-RLB | Meyer, et al. v. Wright National Flood Insurance Company |
| 17-cv-01339-SDD-RLB | Meyers, et al. v. Wright National Flood Insurance Company |
| 17-cv-00778-SDD-RLB | Mitchell, et al. v. Wright National Flood Insurance Company |
| 17-cv-00729-SDD-RLB | Morris v. Wright National Flood Insurance Company |
| 17-cv-00739-SDD-RLB | Morris v. Wright National Flood Insurance Company |
| 17-cv-01121-SDD-RLB | Motichek, et al. v. Wright National Flood Insurance Company |
| 17-cv-00754-SDD-RLB | Neal v. Wright National Flood Insurance Company |
| 17-cv-00704-SDD-RLB | O'Conner, et al. v. Wright National Flood Insurance Company |
| 17-cv-01366-SDD-RLB | P and N Enterprises v. Wright National Flood Insurance Company |
| 17-cv-00802-SDD-RLB | Pace, et al. v. Wright National Flood Insurance Company |
| 17-cv-01591-SDD-RLB | Padial v. Wright National Flood Insurance Company |
| 17-cv-01575-SDD-RLB | Plantation Car Wash v. Wright National Flood Insurance Company |
| 17-cv-01410-SDD-RLB | Porche, et al. v. Wright National Flood Insurance Company |
| 17-cv-00718-SDD-RLB | Porter, et al. v. Wright National Flood Insurance Company |
| 17-cv-00786-SDD-RLB | Reid, et al. v. Wright National Flood Insurance Company |
| 17-cv-01574-SDD-RLB | Richardson v. Wright National Flood Insurance Company |
| 17-cv-00755-SDD-RLB | Robinson v. Wright National Flood Insurance Company |
| 17-cv-00752-SDD-RLB | Ruiz v. Wright National Flood Insurance Company |
| 17-cv-00714-SDD-RLB | Sagona v. Wright National Flood Insurance Company |
| 17-cv-00733-SDD-RLB | Scott v. Wright National Flood Insurance Company |
| 17-cv-01124-SDD-RLB | Sibley v. Wright National Flood Insurance Company |
| 17-cv-01052-SDD-RLB | Smith, et al. v. Wright National Flood Insurance Company |
| 17-cv-01556-SDD-RLB | Smith v. Wright National Flood Insurance Company |
| 17-cv-01348-SDD-RLB | Southern v. Wright National Flood Insurance Company |
| 17-cv-00767-SDD-RLB | Spears v. Wright National Flood Insurance Company |
| 17-cv-01341-SDD-RLB | Spencer v. Wright National Flood Insurance Company |
| 17-cv-00759-SDD-RLB | St. Angelo, Jr. v. Wright National Flood Insurance Company |
| 17-cv-01532-SDD-RLB | Stewart, et al. v. Wright National Flood Insurance Company |
| 17-cv-00798-SDD-RLB | Tate, et al. v. Wright National Flood Insurance Company |

| | |
|---|---|
| 17-cv-00787-SDD-RLB | Tureau, et al. v. Wright National Flood Insurance Company |
| 17-cv-00749-SDD-RLB | Ward v. Wright National Flood Insurance Company |
| 17-cv-00756-SDD-RLB | White, et al. v. Wright National Flood Insurance Company |
| 17-cv-00784-SDD-RLB | Winnfield v. Wright National Flood Insurance Company |
| 17-cv-00762-SDD-RLB | Young v. Wright National Flood Insurance Company |

**ORDER**

Before the Court is the Motion to Compel and Memorandum in Support filed by Movant/Defendant, Wright National Flood Insurance Company. (R. Docs. 1 and 2). Respondent, ATA Consulting, LLC, has opposed the Motion. (R. Doc. 15). Movant filed a Reply (R. Doc. 18) on August 7, 2020.

Movant seeks to compel production of documents issued to ATA Consulting, LLC, through members Austin Tanner and Tommy Tompkins, on May 18, 2020 by way of Subpoena Duces Tecum. (R. Doc. 2-1 at 3-30). ATA Consulting, LLC provided Movant written objections to the document requests on May 29, 2020. (R. Doc. 2-1 at 31-41).

Certain procedural history in the related consolidated litigation of *Cynthia Jarrell v. Wright National Flood Insurance Company*, 3:17-cv-00301-SDD-RLB (hereinafter, "*Jarrell*") is pertinent to the discussion. In *Jarrell*, the Court recently granted Movant/Defendant's request to extend the expert and dispositive motion deadlines to August 31 and September 30, 2020, respectively, by way of Order dated July 2, 2020. (*Jarrell*, R. Doc. 151). The Court also notes that Plaintiffs filed a Motion to Quash the subpoenas issued to ATA in *Jarrell*. An order denying that motion has been issued contemporaneously with this Order. Therein, the Court found good cause for the discovery directed to ATA Consulting, LLC.

ATA has raised certain objections in the discovery responses attached to Movant's Motion to Compel, as well as in its Opposition, such that the Court will now turn to those issues raised.

4

I.  **Global Objections**

Movant first notes that ATA lodged a set of general objections before responding individually to the requests for production, including (1) timeliness; (2) insufficient response time; (3) proportionality; (4) overbreadth; and (5) incorrect deponent. (R. Doc. 2-1 at 33-34). A general objection to a request for production, however, is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). As indicated in prior rulings, the discovery will not be deemed untimely. ATA does not brief any of these other general objections in its opposition, and accordingly, such objections will not be considered.

II. **Specific Objections**

In addition to the Global Objections lodged by ATA, ATA also raises specific objections by groups in its briefing, to be addressed by the Court accordingly.

A.  **RFPs 1-8**

Movant seeks certain contact information for specified individuals in Request for Production Nos. 1-8. In Reply, Movant indicates that ATA provided some information responsive to Request for Production Nos. 2-8, but that ATA had not provided all of the requested information, whether it be an address, phone number, or email address, and additionally noted that ATA represented on August 7, 2020 that it had "no additional responsive documentation or information to produce." (R. Doc. 18 at 5).

ATA provided at least one of the areas of contact information requested by Movant and indicated that it had no additional responsive documentation or information to produce. In light of those facts, the Court cannot compel a response where the responding party has certified that

5

there is no additional responsive documentation or information to produce. Thus, Movant's Motion to Compel as to Request for Production Nos. 1-8 is denied, subject to ATA's obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

    **B.    RFPs 9-10**

Request for Production Nos. 9 and 10 seek the following information:

Request for Production No. 9
All tax documents for tax years 2016 to the present prepared by, for or provided by ATA Consulting, LLC, or to any member, employee or independent contractor of ATA Consulting, LLC, including, but not limited to, any 1099 forms and K-1 schedules.

Request for Production No. 10
All tax documents for tax years 2016 to the present provided to ATA Consulting, LLC, or to any member, employee or independent contractor of ATA Consulting, LLC, by Pandit Law Firm, LLC.

(R. Doc. 2-1 at 10). Movant argument in support of seeking ATA's tax documentation is that "because, to date, despite the requests contained in the subpoenas that Tompkins and ATA produce bills and invoices [see RFP 19-21], no such documents have been produced," and that such bills and invoices may contain "names of the individuals that inspected properties or prepared estimates." (R. Doc. 2 at 15, 21). ATA represents that it "has agreed to produce certain documents responsive to many of Movant's requests, and is diligently searching its corporate records for the existence of responsive documents," and specifically suggests "that it should not be compelled to produce… any tax documentation commanded by Items 9 and 10." (R. Doc. 15-1 at 5).

In Reply, filed after Respondent's representation that it would provide certain information on or before July 28, 2020, Movant suggests that "[b]ecause ATA failed to provide any payment documents responsive to request numbers 20 and 21, ATA's reliance on the case

6

law is misplaced and ATA must be compelled to produce the tax documents sought in request number 9 and 10." (R. Doc. 18 at 7).

As mentioned above, with regard to the requests for certain contact information contained in Request for Production numbers 1-8, Movant represents in Reply that Respondent provided some responsive information but did not fully answer RFPs 2-8. (R. Doc. 18 at 5). Movant suggests that production of the tax information is justified as a result of ATA's deficient response to requests for the contact information of the individuals named in RFPs 2-8. (R. Doc. 2 at 15). The Court does not agree. Where ATA has provided the information that it has in its possession, representing that it does not have any additional responsive information or documentation to produce, and has provided at least some contact information as to each request, the production of tax information for these purposes is not warranted. "The Fifth Circuit has explained that '[i]ncome tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery.'" *Frey v. Bd. of Supervisors of Louisiana State Univ. & A&M Coll.*, 2017 WL 5457992, at *2 (M.D. La. Nov. 14, 2017) (citing *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993)).

Because the tax returns sought are highly sensitive documents, the court will only compel production where the requesting party "demonstrates both: (1) that the tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax returns is not 'otherwise readily obtainable' through alternative forms of discovery, such as depositions or sworn interrogatory answers." *Butler v. Exxon Mobile Ref. & Supply Co.*, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008). Movant has been provided some responsive information, and ATA represents that it has no other responsive information. (R. Doc. 18 at 5). ATA is not a party to this litigation.

7

Movant also represents that production of the tax information is necessary when read in conjunction with RFPs 20 and 21, the requests for bills, invoices, and payments made by ATA and Pandit Law Firm, LLC regarding certain enumerated properties. (R. Doc. 18 at 6). ATA represented in Opposition that it would provide responsive information on or before July 28, 2020, but Movant suggests in Reply that "[n]o documents were produced." (R. Doc. 18 at 6). Thereafter, Movant contradicts this statement, suggesting that, while "the documents produced show amounts billed to the Pandit Law Firm, there is no indication that any of the invoices were paid or how much was paid," and that bills for expert reports were produced but contradict the deposition testimony of Mr. Tompkins. (R. Doc. 18 at 7). Reviewing the responses provided, the Court notes that ATA provided a set of documents for RFP 19, and indicated as to RFP 20 and 21 that it is not in possession of responsive documents, but would continue to search for the information from other sources, and indicated that it is not in possession of responsive information. (R. Doc. 18-1 at 7).

The Court finds that these circumstances, summarized above, do not warrant an order compelling a complete production of the highly sensitive tax information sought in RFP 9 and 10. The information contained in the tax documentation is much broader than the information sought in RFPs 19-21, including irrelevant information as well as information courts have found to be highly sensitive. The request for tax documentation as a substitute for the information sought in other RFPs is unwarranted, except as set forth below.

Although it would seem unusual that such straightforward business information would not be kept in the regular course of business and in some form other than a tax return and related documents, should items responsive to RFP 9 and 10 be the only location of information requested under RFP 1-8, those items shall be produced. In addition, if items responsive to RFP

9 and 10 are the only location of information requested under RFP 19-22, that information shall be provided. This limited production will protect the sensitive nature of ATA's tax returns, while also ensuring that the information provided meets the relevant and compelling need standard set forth above.

### C.   RFPs 11-15

RFPs 11-14 ask only for identification of the persons described, whereas RFP 15 requests the contact information for the persons identified in the previous requests. (R. Doc. 2-1 at 24). ATA represents in Opposition that it previously provided the identity of the individuals who inspected and prepared an estimate, as well as the original estimates and proofs of loss, and that Mr. Tompkins testified that the inspections would have been shortly before the original estimates were written and dated. (R. Doc. 15-1 at 12). As to the contact information and any other documents responsive to RFPs 11-15, ATA represents that it will produce any additional information or certify that no documents exist no later than July 28, 2020. (R. Doc. 15-1 at 8).

Movant does not address this in its Reply and the Court presumes ATA complied with its representation to the Court. As with the information sought in RFPs 1-8, wherein the Court previously found the response sufficient, subject to ATA's continuing obligation to provide supplemental or amended discovery responses pursuant to Fed. R. Civ. P. 26(e), the same finding is appropriate here. The Court will deny Movant's Motion to Compel as to RFPs 11-15.

### D.   RFPs 16-17

Movant sought certain photographs and videos through RFPs 16 and 17. (R. Doc. 2-1 at 38). ATA represented in Opposition that it would produce the information requested and made no objection to the request itself. Movant then indicated in Reply that ATA provided responses suggesting that it "is not in possession of any documents responsive to [RFP 16 and 17]" and that

it already provided all of its photographs to the Pandit Law Firm. (R. Doc. 18 at 5-6; R. Doc. 18-1 at 6-7). Based on these certified representations, there is nothing for the Court to compel. Thus, Movant's Motion to Compel as to RFPs 16-17 will be denied accordingly, subject to ATA's continuing obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

### E. RFP 18

ATA represented in response to RFP 18 that it had no responsive information in its possession. (R. Doc. 18-1 at 7; R. Doc. 18-2 at 7). Mr. Tomkins further represented that he had searched his own records for responsive information but did not have any in his possession. (R. Doc. 18-1 at 7). Movant confirms in Reply that no photographs were produced. (R. Doc. 18 at 6). Based on these representations, and in light of certified responses of no responsive information in ATA's possession, there is nothing for the Court to compel, and the Motion to Compel as to RFP 18 will be denied accordingly, subject to ATA's continuing obligation to provide supplemental or amended discovery responses pursuant to Fed. R. Civ. P. 26(e).

### F. RFPs 19-21

ATA represented in Opposition that it would provide redacted responses to RFPs 19-21. (R. Doc. 15-1 at 9). Movant indicates in Reply that no documents were provided in response to RFPs 20 and 21 and discusses its position that certain documents provided reflect inconsistencies. (R. Doc. 18 at 6-8).[1] ATA's responses show that it provided information as to RFP 19 and has no responsive information in its possession as to RFPs 20 and 21. (R. Doc. 18-1

---

[1] To the extent Movant suggests that insufficient responses to RFPs 19-21 dictate an order compelling response to RFPs 9-10, that argument is addressed in Section B, above. To put it succinctly, if such tax returns and related documentation are the only location of certain information requested in RFPs 19-21, then those documents shall be produced.  The Court also presumes that the absence of such documentation such as payments made and received in connection to inspected properties, would also be explored through deposition testimony.

10

at 7; R. Doc. 18-2 at 7). Accordingly, there is nothing for the Court to compel. To the extent there are any inconsistencies, an issue on which the Court makes no finding at this stage, those issues can be resolved at the appropriate stage in this litigation. Movant's Motion to Compel as to RFPs 19-21 is, therefore, denied, subject to ATA's continuing obligation to provide supplemental or amended discovery responses pursuant to Fed. R. Civ. P. 26(e).

G.   RFP 22

ATA represented in its July 21, 2020 Opposition that it was searching for the spreadsheet sought in RFP 22, and in its July 28, 2020 verified responses that it did not have responsive information in its possession. (R. Doc. 15-1 at 9; R. Doc. 18-1 at 7; R. Doc. 18-2 at 7). Movant does not address RFP 22 in its initial briefing or Reply. Accordingly, there is nothing for the Court to compel, and Movant's Motion to Compel will be denied as to RFP 22.

H.   RFPs 23-25

In Opposition to the Motion to Compel, ATA represented that, to the extent not privileged, it would provide responses to Request for Production Nos. 23-25. (R. Doc. 15-1 at 9). In Reply, Movant indicates that ATA provided signed written responses regarding certain correspondence in response to RFP 24, but provided no corresponding document production. (R. Doc. 18 at 6). Having reviewed the responses provided, the Court notes that ATA indicated it had no information in its possession responsive to RFP 23 and 25, and provided a list of dates wherein it purports to have sent expert reports to the Pandit Law Firm via electronic mail. (R. Doc. 18-1 at 8-10). Movant limits its request in Reply to production of the documents identified in response to RFP 24.

There is no indication that ATA objects to production of the information requested in RFP 24, subject to any applicable privilege. Nor is there any indication that ATA provided the

11

documents requested, but rather provided a written response. To the extent ATA has any responsive documentation in its possession, it shall provide same, subject to any applicable privilege properly recorded on a privilege log, within fourteen (14) days of the date of this Order. Movant's Motion to Compel as to RFP 24 is granted.

### I.     Settled Cases

As to the 17 of 81 cases listed on Attachment 1 of the Subpoena Duces Tecum, ATA represents in Opposition that it has conferred with counsel for Movant, and the parties have agreed that the settled cases are not within the scope of information sought. (R. Doc. 15-1 at 10). Accordingly, to the extent the Court has ordered supplemental production herein, such production shall exclude those cases listed on Attachment 1 that have settled. This would apply equally to any other case that has settled as of the date of this Order.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel filed by Movant/Defendant, Wright National Flood Insurance Company (R. Docs. 1 and 2) is **GRANTED in part** and **DENIED in part** as set forth more fully herein.

**IT IS FURTHER ORDERED** that Respondent, ATA Consulting, LLC, shall provide supplemental production, as set forth herein, within **fourteen (14) days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on August 27, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**